UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES NOLEN NANCE, JR.,

    Plaintiff,

v.

BREMERTON POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. C08-5039 BHS/KLS

REPORT AND RECOMMENDATION

**Noted for:
August 22, 2008**

Before the Court is the motion for summary judgment of Defendants Bremerton Police Department and City of Bremerton ("City Defendants). (Dkt. # 28). In support of their motion, Defendants provide the Declarations of Mark E. Koontz (Dkt. # 29) and Larry Mersereau (Dkt. # 30). Plaintiff has not responded to Defendants' motion. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the Court as an admission that Defendants' motion has merit.

After careful review of Defendants' motion, supporting evidence, the balance of the record, and viewing the facts in the light most favorable to the Plaintiff, the undersigned recommends that the City Defendants are entitled to dismissal of the claims against them because Plaintiff has failed to state a violation of his constitutional rights.

## I. BACKGROUND

In his verified complaint, Mr. Nance alleges that when he was arrested in January, 2006 on

REPORT AND RECOMMENDATION - 1

kidnaping charges, his car was confiscated, towed and then released to and sold by the Bremerton Police at an auction. (Dkt. # 5, p. 3). After Mr. Nance went to trial twenty-two months later on other charges and the trial judge released his property back to him, his vehicle had already been sold. *Id*. Mr. Nance alleges that he did not receive paperwork relating to the seizure of his vehicle and did not receive notice that his vehicle was to be sold. *Id*.

## II. FACTS

Defendants provide the following facts, which are not disputed by Plaintiff:

On January 14, 2006 at approximately 1:13 a.m., the Bremerton Police Department ("BPD") received notice that a woman had just been raped at the Chieftain Motel in Bremerton, Washington. (Dkt. # 29, Exh. B at 2). BPD patrol officer Donnell Rogers was dispatched to investigate. *Id*. The victim told Officer Rogers that her ex-boyfriend, plaintiff James Nance, was driving his 1992 gold Ford Crown Victoria, Washington license plate 334-TVQ, when Mr. Nance approached the victim and asked her to get in the vehicle. *Id*. at 2-3. The victim ignored Mr. Nance because there was a protective order between them. *Id*. at 2. Mr. Nance pulled over his vehicle, walked to the victim, took her by the hair, and told her if she did not get in the vehicle, he would kill her. *Id*. The victim told Officer Rogers that she was in fear of her life, so the victim got in the vehicle. *Id*. According to the victim, Mr. Nance took her to a room he had rented in the Chieftain Motel and proceeded to strike her in the face, strangle her, and sexually assault her. *Id*. at 2-3. After a struggle, the victim escaped to the motel lobby where she called 911. *Id*. at 3. Mr. Nance fled in his vehicle. *Id*.

At 9:15 a.m. on January 14, 2006, BPD patrol officer Jeffrey Inklebarger was on routine patrol in Bremerton when he saw plaintiff's gold Crown Victoria in a parking lot at the Perry Avenue Mall in Bremerton. (Dkt. # 29, Exh. C). BPD contacted Chico Towing, which towed the vehicle and placed it in a secure garage as evidence of a suspected crime. Id. BPD obtained a search warrant for the vehicle, and on January 20, 2006 BPD executed the search warrant. *Id*., Exh. C.

REPORT AND RECOMMENDATION - 2

After the search warrant was executed, the vehicle was impounded to Chico Towing. *Id*.; Dkt. # 30, Exh. A.

On January 21, 2006, Chico Towing sent a Notice of Impound of an Unauthorized Vehicle to James N. Nance, Jr., P.O. Box 4573, Bremerton, WA 98310. (Dkt. # 30, Exh. B). This is the name and address listed by the Department of Licensing as the owner of the 1992 Ford Crown Victoria, Washington license plate number 334TVQ. *Id*. Chico Towing did not receive any response to this notice. *Id*.

On January 27, 2006, Chico Towing sent a Notice of Custody and Sale of Abandoned Vehicle to James N. Nance, Jr., P.O. Box 4573, Bremerton, WA 98310 informing Mr. Nance that after 15 days from the date of the notice, the 1992 Ford Crown Victoria would be sold at auction to the highest bidder. *Id*., Exh.C. The Notice of Custody and Sale of Abandoned Vehicle also notified Mr. Nance that the total amount he owed for towing and storage as of January 27, 2006 was $448.52. *Id*. Chico Towing did not receive any response to this notice. *Id*.

On March 4, 2006, Chico Towing sold the 1992 Ford Crown Victoria, Washington license plate 334-TVQ, at an auction to the highest bidder for the amount of $650. *Id*., Exh. D. Chico Towing incurred expenses for towing and storage of the vehicle in the amount of $971.00, leaving Mr. Nance with a balance of $321.00 owed to Chico Towing. *Id*. At no time has Mr. Nance or anyone on his behalf contacted Chico Towing regarding the 1992 Ford Crown Victoria Washington license plate 334-TVQ. *Id*.

After a jury trial, Mr. Nance was convicted of second degree assault, felony harassment, felony violation of a court order, unlawful imprisonment, and attempting to elude pursuing police. (Dkt. # 29, pp. 1-2). He was sentenced to 84 months in prison for the second degree assault conviction and 60 months for each of the other crimes. *Id*. at 3.

REPORT AND RECOMMENDATION - 3

### III. STANDARD OF REVIEW

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(c). In deciding whether summary judgment should be granted, the court must view the record in the light most favorable to the nonmoving party and indulge all inferences favorable to that party. Fed. R. Civ. P. 56(c) and (e). When a summary judgment motion is supported as provided in Fed. R. Civ. P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e). If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. *Id*.

The moving party must demonstrate the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### IV. DISCUSSION

To state a claim under 42 U.S.C. § 1983, the defendant must be a person acting under color of state law; and his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535

REPORT AND RECOMMENDATION - 4

(1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)**.** Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

To establish that a city or city department is liable under 41 U.S.C. § 1983, Plaintiff must demonstrate that the alleged constitutional deprivation was the product of a policy, practice or custom adopted and promulgated by City Defendants. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff must establish that he was deprived of a constitutional right and that the City Defendants had a policy, practice, or custom which amounted to "deliberate indifference" to the constitutional right and was the "moving force" behind the constitutional violation. *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008), citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

Plaintiff alleges that the City Defendants sold his property at auction without providing him adequate notice prior to the sale. (Dkt. # 5, p. 3). Essentially, Plaintiff is alleging deprivation of property without due process of law. However, if there are available post-deprivation state remedies, that is all the process that is due. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1983); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1982), *overruled in part on other grounds, Daniels v. Williams*, 474, U.S. 327 (1986). "[T]he availability of a tort suit, for defendants' random, unanticipated acts," satisfies the due process clause. *Blaylock v. Schwinden*, 856 F.2d 107, 110 (9th Cir. 1988), *superseded by* 862 F.2d 1352 (1988).

Washington law provides a remedy for the return of property for persons aggrieved by an unlawful search and seizure. *See,* CrR 2.3(e):

REPORT AND RECOMMENDATION - 5

> Motion for Return of Property. A person aggrieved by an unlawful search and seizure may move the court for the return of the property on the ground that the property was illegally seized and that the person is lawfully entitled to possession thereof. If the motion is granted the property shall be returned. If a motion for return of property is made or comes on for hearing after an indictment or information is filed in the court in which the motion is pending, it shall be treated as a motion to suppress.

Plaintiff does not allege there was no post-deprivation process available to him. Nor does he allege a policy, practice or custom of the City Defendants that allegedly violated his constitutional rights. Rather, Plaintiff states that Defendants failed to provide him with notice prior to towing and the sale of his vehicle. (Dkt. # 5, p. 3).

The summary judgment evidence before the Court, however, reflects that attempts were made to notify Plaintiff of the impound and sale of his vehicle by sending notices to the address provided by Plaintiff to the Department of Licensing. Plaintiff was sent notices of impound and custody and sale of abandoned vehicle to the name and address listed by the Department of Licensing by the owner of the 1992 Ford Crown Victoria vehicle, Washington license plate number 334TVQ. (Dkt. # 30, p. 2). Those notices were returned as "Box closed, unable to forward, return to sender." *Id*. The evidence also reflects that Plaintiff never contacted Chico Towing regarding his vehicle. *Id*.

Plaintiff has failed to establish that he was deprived of a constitutional right or that the City Defendants had a policy, practice or custom that amounted to "deliberate indifference" to the constitutional right and was the "moving force" behind the constitutional violation. Accordingly, the undersigned recommends that summary judgment in favor of the City Defendants on all of Plaintiffs' claims be granted.

## IV. CONCLUSION

REPORT AND RECOMMENDATION - 6

For the reasons stated above the Court should **GRANT** the State Defendants' motion for summary judgment (Dkt. # 28). A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk of the Court is directed to set the matter for consideration on **August 22, 2008**, as noted in the caption.

DATED this  6th  day of August, 2008.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7