# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JAMES NOLEN NANCE, JR.,

    Plaintiff,

v.

BREMERTON POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. C08-5039 BHS/KLS

ORDER TO SHOW CAUSE

Presently before the court is the motion to dismiss of Defendant Kelly Marie Montgomery. (Dkt. # 25). Defendant argues that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6), as Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has filed no response. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the court as an admission the motion has merit.

Due to deficiencies in Plaintiff's complaint, as discussed below, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. On that basis, the Court is inclined to recommend granting Defendant Montgomery's motion to dismiss. Before it recommends dismissal, however, Plaintiff shall be given an opportunity to file an amended complaint, curing, if possible, the deficiencies noted herein.

ORDER - 1

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that after he was arrested on January 18, 2006 on kidnaping charges, his car was confiscated for evidence and while he was in jail, his attorney, Defendant LaCross, told him that the Bremerton Police sold his car in an auction. (Dkt. # 5, p. 3). Plaintiff alleges that the kidnaping charges were dismissed, but he went to trial on other charges and that at his trial, his property was released back to him. *Id*. Plaintiff alleges that his property was never returned to him, however, because his property had been sold. *Id*. Plaintiff further alleges that he never received notice or paperwork when his car was towed or when it was released to be sold. *Id*.

Plaintiff names Kelly Marie Montgomery of the Kitsap County Prosecutor's Office as a Defendant on Page 3 of his Complaint.

## II. STANDARD OF REVIEW

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee*, 250 F.3d at 688. All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v. Community Development Agency,* 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner,* 976 F.2d

ORDER - 2

469, 471 (9th Cir. 1992). Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 769, 471 (9th Cir. 1992).

Before the court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Noll v. Carlson,* 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Defendant Montgomery argues that Plaintiff has failed to allege that she deprived him of any right secured by the Constitution or federal statute because Plaintiff has failed to allege any facts involving her in his Complaint. (Dkt. # 25, p. 3).

Although Plaintiff names Defendant Montgomery as a defendant in his Complaint, he fails to allege any facts showing how she personally participated in the events underlying his claims.

ORDER - 3

(Dkt. # 4, p. 3). However, before the court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Noll v. Carlson,* 809 F.2d 1446, 1449 (9th Cir. 1987).

Accordingly, the undersigned finds that Plaintiff be given an opportunity to amend his Complaint against Defendant Montgomery.

It is, therefore, **ORDERED:**

(1) That Plaintiff is granted leave to file a supplement to his Complaint to only allege facts showing how Defendant Montgomery personally participated in depriving Plaintiff of a right, privilege or immunity secured by the Constitution or law and which claims are related to the claims stated in his Complaint. Plaintiff is advised that the claims stated in his Complaint shall remain the same and he is not being granted leave to amend his Complaint as to those claims or any other Defendant. Plaintiff shall file his supplement **by August 29, 2008.** If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action with prejudice for failure to state a claim upon which relief may be granted;

(2) Defendants' motion to dismiss (Dkt. # 25) shall be re-noted for **September 26, 2008**; and

(3) The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 8th day of August, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4