UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES NOLEN NANCE, JR.,

    Plaintiff,

v.

BREMERTON POLICE DEPARTMENT,
KELLY MARIE MONTGOMERY and
DAVID LACROSS, *et al*,

    Defendants.

Case No. C08-5039 BHS/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
November 21, 2008**

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff, James Nolen Nance, Jr., filed a civil rights lawsuit under 42 U.S.C. § 1983 naming Kelly Marie Montgomery of the Kitsap County Prosecutor's Office as Defendant. Dkt. # 5. Before the Court is Defendant Montgomery's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Dkt. # 40. Defendant Montgomery argues that Plaintiff's complaint must be dismissed because he has failed to allege how he was deprived of any right secured by the Constitution or federal law or how Defendant Montgomery personally participated in depriving him of such a right.

Plaintiff has failed to file a response to the motion to dismiss. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the court as an admission the

REPORT AND RECOMMENDATION - 1

motion has merit.

After careful review of the motion to dismiss, the Court recommends that the motion be granted and Plaintiff's Complaint be dismissed without leave to amend.

**I. BACKGROUND**

In his verified complaint, Mr. Nance alleges that when he was arrested in January, 2006 on kidnaping charges, his car was confiscated, towed and then released to and sold by the Bremerton Police at an auction. (Dkt. # 5, p. 3). After Mr. Nance went to trial twenty-two months later on other charges and the trial judge released his property back to him, his vehicle had already been sold. *Id*. Mr. Nance alleges that he did not receive paperwork relating to the seizure of his vehicle and did not receive notice that his vehicle was to be sold. *Id*.

Plaintiff named Kelly Marie Montgomery of the Kitsap County Prosecutor's Office as a Defendant on Page 3 of his Complaint. *Id*. Defendant Montgomery moved for dismissal on the grounds that Mr. Nance had failed to make any legal or factual claims against her. Dkt. # 25, p. 2. The Court was inclined to grant the motion to dismiss, but first granted Plaintiff leave to file a supplement to his Complaint to only allege facts showing how Defendant Montgomery personally participated in depriving Plaintiff of a right, privilege or immunity secured by the Constitution or law.[1] In that supplement, Plaintiff states as follows:

> The reason I named Miss Montgomery in this claim is she was the prosecutor in this case and it was her job to make sure that these charges and allegations were true. Miss Montgomery knew the kidnapp [sic] charges were false and thats [sic] the reason the state withdrew the kidnapp [sic] charge before my trial.
>
> If it wasn't for that kidnapp [sic] charge my car wouldn't been towed. I wasn't driving this car when it was towed it was in my employer's parking lot. My car shouldn't never been confiscated because this allege victim was lying I didn't kidnapp [sic] or rape her.

Dkt. # 38, p. 1.

---

[1] Defendants Bremerton Police Department and City of Bremerton were granted summary judgment dismissal of Plaintiff's claims against them on September 2, 2008. Dkt. # 39.

REPORT AND RECOMMENDATION - 2

## II. STANDARD OF REVIEW

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986). But a court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed.R.Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 769, 471 (9th Cir. 1992).

Before the court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith,* 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted

REPORT AND RECOMMENDATION - 3

where amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce,* 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

In addition, to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (1977). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode,* 423 U.S. 362, 370-71, 375-77 (1976).

Defendants in a 42 U.S.C. § 1983 action cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 n.58 (1978); *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Absent some personal involvement by the defendants in the allegedly unlawful conduct of subordinates, they cannot be held liable under § 1983. *Johnson*, 588 F.2d at

REPORT AND RECOMMENDATION - 4

743-44.  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

Plaintiff alleges that as the prosecutor, Defendant Montgomery knew his kidnaping charges were false, because of that knowledge, "the state withdrew the kidnap charge" before his trial, and '[i]f it wasn't for that kidnapp charge my car wouldn't been towed." Dkt. # 38, p. 1.  Mr. Nance also reiterates that he is not guilty of the underlying crimes. *Id*.

These vague and conclusory allegations are insufficient to state a Section 1983 claim against Defendant Montgomery for the seizure or sale of Mr. Nance's car.  Mr. Nance has made no factual allegations connecting Defendant Montgomery to the seizure or sale of his car nor has he plead any facts to support a constitutional violation concerning the seizure or sale of his car. *See* Dkt. # 34, pp. 5-6 (post-deprivation state remedies provide process that is due; Washington law provides remedy for return of property for persons aggrieved by unlawful search and seizure).

Accordingly, the undersigned recommends that Defendant Montgomery's motion to dismiss be granted.  Mr. Nance was given notice of these deficiencies in his original Complaint and was given an opportunity to cure them in a supplement. Dkt. # 35.  However, his supplement suffers from similar deficiencies.  Because he has already been granted leave to amend and has now chosen not to respond to Defendant Montgomery's renewed motion to dismiss, Defendant Montgomery's motion to dismiss should be granted without leave to amend further.

### III. CONCLUSION

For these reasons, the Court recommends that the Court should **GRANT** Defendant Montgomery's motion to dismiss Plaintiff's claims against her.  A proposed order accompanies this Report and Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on

REPORT AND RECOMMENDATION - 5

1 **November 21, 2008**, as noted in the caption.

2     DATED this  24th  day of October, 2008.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6