1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10   JAMES NOLEN NANCE, JR.,

11            Plaintiff,

12        v.

13   BREMERTON POLICE DEPARTMENT, *et
     al.*,
14

15            Defendants.

Case No. C08-5039 BHS/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: May 22, 2009**

16
17        Presently before the Court is the motion to dismiss of Defendant David LaCross.  Dkt. # 46.[1]

18   Defendant argues that Mr. Nance's complaint should be dismissed pursuant to Rule 12(b)(6), as Mr.

19   Nance has failed to state a claim upon which relief can be granted.  Mr. Nance has filed no response.

20   Under Local Rule 7(b)(2) failure to file papers in opposition to a motion may be deemed by the Court

21   as an admission the motion has merit.

22        Having reviewed the motion and Plaintiff's Complaint (Dkt. # 5), the undersigned recommends

23   that the motion to dismiss be granted and that Plaintiff's complaint be dismissed with leave to amend.

24
25
26
27

[1]Mr. LaCross's original motion (Dkt. # 43) was re-filed and re-noted after the motion was
properly served on Plaintiff.

28   REPORT AND RECOMMENDATION - 1

# I. PLAINTIFF'S ALLEGATIONS

In his complaint, Mr. Nance alleges that after he was arrested on January 18, 2006 on kidnaping charges, his car was confiscated, towed and then released to and sold by the Bremerton Police at an auction. Dkt. # 5, p. 3. After Mr. Nance went to trial twenty-two months later on other charges and the trial judge released his property back to him, his vehicle had already been sold. *Id*. Mr. Nance alleges that he did not receive paperwork relating to the seizure of his vehicle and did not receive notice that his vehicle was to be sold. *Id*.

Mr. Nance named his attorney David LaCross as a defendant on Page 3 of his complaint. *Id*. He alleges that while he was in jail, defendant LaCross told him that the Bremerton Police sold his car in an auction. *Id*., p. 3.

In response to whether he had filed a grievance, Mr. Nance indicated in his complaint that he had not because "his problem ... is with [the] Bremerton Police Department." *Id*., p. 2.

In his prayer for relief, Mr. Nance requested an order directing the City of Bremerton to pay him $4,500.00 for the value of his car. Dkt. # 5, p. 4.

Mr. Nance also named the Bremerton Police Department, the City of Bremerton and Kelley Marie Montgomery of the Kitsap County Prosecutor's Office as Defendants. *Id*. Summary judgment was entered in favor of Bremerton Police Department and City of Bremerton on September 2, 2008 (Dkt. # 39) and in favor of Defendant Kelly Marie Montgomery on November 25, 2008 (Dkt. # 44).

# II. STANDARD OF REVIEW

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001). However, a court may take judicial notice of its own records (but not the truth of the contents of all documents found

therein), *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983), and may take judicial notice of "matters of public record" (*See, MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986), without converting a motion to dismiss into a motion for summary judgment.

All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969); *Lee,* 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v. Community Development Agency,* 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992). Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 769, 471 (9th Cir. 1992).

Before the court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also*

*Noll v. Carlson,* 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Defendant La Cross argues that all claims against him must be dismissed because Plaintiff has failed to allege any facts involving him and has failed to request any relief of him. Dkt. # 43, pp. 2-3.

Mr. Nance alleges only that while he was in jail, his attorney Defendant LaCross told him that the Bremerton Police sold his car in an auction. Dkt. # 5, p. 3. Mr. Nance makes no other allegations against Mr. LaCross nor has he included any requests for relief from Defendant LeCross in his complaint. *Id*., p. 4.

Assuming all material facts as alleged by Mr. Nance as true and viewing them in the light most favorable to him it appears beyond doubt that Mr. Nance is not entitled to relief as the facts stated in his complaint relating to Defendant LaCross do not give rise to any constitutional violation. In his objections to the Court's recommendation that his claims against the Bremerton Police Department and City of Bremerton be dismissed, Mr. Nance alleged that:

> "I ask Mr. LaCross about my vehicle and his response was "I am a trial attorney and I can't help you with that problem a month later Mr. LaCross told me my vehicle was

REPORT AND RECOMMENDATION - 4

sold in a auction."

Dkt. # 37, p. 1.[2]

Even with this additional explanation of his claim, Mr. Nance has failed to state a claim for violation of his federal constitutional rights.[3] Absent a state actor defendant and a constitutional deprivation, plaintiff has failed to state a claim under 42 U.S.C. § 1983. As noted above, to state a claim under § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law. *Parratt*, 451 U.S. at 535. Further, section 1983 does not impose liabilities for duties of care arising out of state tort law. *DeShaney v. Winnebago Social Servs. Dep't.*, 489 U.S. 189 (1989). Absent a state actor and a constitutional deprivation, he has failed to state a claim under 42 U.S.C. § 1983.

## IV. CONCLUSION

For the reasons stated above the Court should **GRANT** Defendant LaCross's motion to dismiss (Dkt. # 46) and that Plaintiff's complaint should be dismissed for failure to state a claim, without leave to amend because granting leave would be futile.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 22,**

---

[2]*See, M/V American Queen*, 708 F.2d at 1491 (court may take judicial notice of its own records).

[3]Even if Mr. LaCross were acting as a public defender on Mr. Nance's behalf, he was not acting under color of state law. *See Tower v. Glover*, 467 U.S. 914, 919-20 (1984); *Polk v. Dodson*, 454 U.S. 312 (1981).

1   **2009**, as noted in the caption.

2       DATED this __4th__ day of May, 2009.

3

4

5                                     Karen L. Strombom

6                                     United States Magistrate Judge